THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ALEMAYEHU JIMMA, | CASE NO. C19-1840-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF HUMAN AND SOCIAL SERVICES, | |
| Defendant. | |

The following minute order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On December 4, 2019, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 5.) The Court must dismiss an *in forma pauperis* complaint at any time if the action raises frivolous or malicious claims, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, a pleading must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a claim. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal is also appropriate if a complaint fails to put forth a "cognizable

MINUTE ORDER
C19-1840-JCC
PAGE - 1

legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In this case, Plaintiff, a Washington resident, alleges that his child was abused physically, mentally, and sexually by the child's mother, babysitter, and summer school teacher. (*See* Dkt. No. 6 at 3.) Plaintiff further alleges that although he filed a complaint with the City of Seattle and the State of Washington, Washington's Department of Social and Human Services ("DSHS") failed to investigate his claims of abuse. (*See id.*) Plaintiff therefore asks the Court to "look into [his] claims to protect [his] son," "to determine the adequate punitive damages" for the pain and suffering Plaintiff has endured, and "for sanctions imposed against [DSHS]." (*See id.* at 4.)

The Court construes Plaintiff's complaint as bringing a claim under 42 U.S.C. § 1983 that DSHS violated the due process rights of either Plaintiff or his son. Section 1983 provides a cause of action against any (1) person who (2) under color of state law or custom (3) subjects, or causes to be subjected, any person to (4) the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States. As currently written, Plaintiff's complaint fails to allege a valid § 1983 claim for two reasons.

First, Plaintiff has not brought a claim against a "person" within the meaning of § 1983. A state is not a person for purposes of § 1983; consequently, an individual cannot sue a state under § 1983 for violating the individual's protected rights. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Likewise, an individual cannot sue a state agency under § 1983 because state agencies are not persons within the meaning of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). Here, Plaintiff has sued only DSHS, a state agency. (*See* Dkt. No. 6 at 1–2.) DSHS may not be sued under § 1983. *See Howlett*, 496 U.S. at 365; *Maldonado*, 370 F.3d at 951; *Andrews v. Wash. State Dep't of Soc. and Health Servs.*, C15-5871-BHS, Dkt. No. 18 at 2 (W.D. Wash. 2016). If Plaintiff wishes to bring a § 1983 claim for actions that DSHS did or did not take, he must bring that claim against DSHS officials themselves. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). In doing so, Plaintiff must identify specific DSHS officials and set forth facts demonstrating how

each official caused the deprivation of a protected right. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Second, Plaintiff has not alleged facts sufficient to show that his or his child's due process rights were violated. The Due Process Clause of the Fourteenth Amendment states that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A state does not ordinarily violate the Due Process Clause if it fails to protect a child from violence or abuse. *See DeShaney v. Winnebago Cty. Dep't of Social Servs.*, 489 U.S. 189, 194–203 (1989). This is true even if "the State knew that [the child] faced a special danger of abuse . . . and specifically proclaimed, by word and by deed, its intention to protect [the child] against that danger." *Id.* at 197–98. There are, however, two narrow exceptions where a state may be liable for failing to protect: the state must either (1) have a "special relationship" to the child or (2) have created the danger that the child faced. *See Campbell v. Wash. Dep't of Soc. and Health Servs.*, 671 F.3d 837, 842 (9th Cir. 2011). The first exception applies if "the State takes a person into its custody and holds him there *against his will*." *Id.* (emphasis in original) (quoting *DeShaney*, 489 U.S. at 199–200). The second exception applies if "a state actor 'creates or exposes an individual to a danger which he or she would not have otherwise faced.'" *Id.* at 845 (quoting *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006)).

In this case, Plaintiff has not alleged facts showing that a state official had a "special relationship" to his child or created the danger that his child faced. While Plaintiff alleges that the City of Seattle, the State of Washington, and DSHS failed to investigate his complaints that his child was being abused at the hands of multiple people, Plaintiff does not allege that a state entity had custody of his child or that a state official exposed his child to danger that his child would not otherwise have faced. (*See* Dkt. No. 6 at 3–4.) Consequently, Plaintiff has failed to allege facts showing that a state official violated the due process rights of Plaintiff or his child. *See Campbell*, 671 F.3d at 842.

Although the Court finds that the complaint fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS that Plaintiff must file an amended complaint no later than 21 days from the date this order is issued. In his amended complaint, Plaintiff must name specific state officials who violated a protected right and set forth facts demonstrating how each named official caused the deprivation of that right. In addition, Plaintiff must allege facts showing that a state entity had custody of his child or that a state official created or exposed his child to a danger that his child would not otherwise have faced.

DATED this 20th day of February 2020.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk